UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| EDGAR R. RIVERA DE JESUS, and<br>IDANIS I. GARCIA MORALES,<br><br>    Plaintiffs,<br><br>v.<br><br>DLJ PROPERTIES, LLC, CHERYL JONES, and<br>ELIZABETH JONES,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   No. 3:21-CV-51-TRM-DCP<br>)<br>)<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiffs' Applications to Proceed *In Forma Pauperis* [Docs. 1, 7, 8]. By way of background, on May 13, 2021, the Court entered an Order [Doc. 4], directing Plaintiffs to file an amended Complaint and an amended Application to Proceed *In Forma Pauperis* if they intended to include Idanis Garcia Morales ("Garcia") as a plaintiff. The Court explained that Plaintiff Garcia was named in the caption of the Complaint, but she did not sign the Complaint or the Application to Proceed *In Forma Pauperis* [Doc. 1].

In response, Plaintiffs filed an Amended Complaint [Doc. 6] on May 20, 2021, which is signed by both Plaintiff Garcia and Plaintiff Edgar R. Rivera De Jesus ("Rivera"). In addition, Plaintiff Rivera re-filed his Application to Proceed *In Forma Pauperis* [Doc. 7], and Plaintiff

1

Garcia filed an Application to Proceed *In Forma Pauperis* [Doc. 8].[1]

The undersigned files this Report and Recommendation for the District Judge to whom this case is assigned. For the reasons more fully stated below, the Court finds that Plaintiffs shall be allowed to file their Amended Complaint without prepayment of costs, but the Court **RECOMMENDS** that Plaintiffs' Americans with Disabilities Act claim be dismissed but that the remaining claims under the Fair Housing Act and state law proceed beyond the initial screening phase.

I.      FILINGS AND ALLEGATIONS

Plaintiffs have filed Applications with the required detailing of their financial condition. [Docs. 7, 8]. The Applications demonstrate that Plaintiffs have little income and few assets.

In their Amended Complaint, Plaintiffs allege that from September 2018 to September 2019, they rented from Defendant DLJ Properties, Inc., ("DLJ") on a one-year lease. [Doc. 6 at 2]. In April 2019, Plaintiff Rivera contracted an infection in his left foot because the carpet in the house was wet due to a "breakdown in the main room." [*Id.* at 2]. Plaintiff Rivera sent a photo of his hospital discharge documents to the owners to make them aware of what happened. [*Id.*]. Plaintiff Rivera asked the owners to move Plaintiffs into another house, but the owners did not give them a choice. [*Id.* at 3]. When he asked again, the owners gave him "uncomfortable, abandoned, and difficult access options to a wheelchair[] or medical equipment." [*Id.*]. Plaintiffs made the decision to go to another place because it was not possible to continue living at the home.

---

[1] The Court will refer to Plaintiff Rivera's Application to Proceed *In Forma Pauperis* [Doc. 7], and Plaintiff Garcia's Application to Proceed *In Forma Pauperis* [Doc. 8], collectively as "Applications."

[*Id.*]. Plaintiffs state that the stairs were broken, there was fungus everywhere, and the owners did not make any arrangements. [*Id.*].

Plaintiffs found another place to live, but it was more expensive than the previous house they rented from DLJ. [*Id.*]. Due to increasing medical bills, Plaintiffs texted an employee with DLJ asking whether housing was available. [*Id.* at 4]. The employee indicated that there was available housing. [*Id.*]. Plaintiffs chose a trailer that had good access and that was being remodeled, and the DLJ employee told Plaintiffs that as soon as Plaintiffs signed the contract, DLJ would give Plaintiffs the stove and the refrigerator and would clean the surroundings. [*Id.*]. The Amended Complaint states that Plaintiffs proceeded to fill out the online application with the requirements. [*Id.*]. When Plaintiffs were about to pay the deposit, Defendants Cheryl Jones and Elizabeth Jones "immediately asked [Plaintiff Rivera's name] in a very discriminatory and very unpleasant way. She denied [Plaintiff Rivera] the house." [*Id.* at 4]. Plaintiffs asked for the reasons that Defendants would no longer rent to them, and Defendants gave several excuses that were not the truth. [*Id.*]. Defendants stated that the house was "not for Edgar," and that it was not available. [*Id.*].

Plaintiffs sue under Tennessee disability laws, housing discrimination, Fair Housing Act, and the "ADA." [*Id.* at 1]. Plaintiffs request compensatory and punitive damages. [*Id.* at 6].

## II. ANALYSIS

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. The purpose of the statute is to ensure that indigent litigants have meaningful access to the courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Adkins v. W.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). To accomplish this end, a court must evaluate the litigant's indigence, but notwithstanding

3

Case 3:21-cv-00051-TRM-DCP    Document 9    Filed 06/04/21    Page 3 of 7    PageID #: 53

indigence, a court may *sua sponte* dismiss a matter under 28 U.S.C. § 1915(e)(2)(B).

The Court will address the indigence and merits components of 28 U.S.C. § 1915 in turn.

**A.     Indigence**

Section 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25 (1992). The court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990) (observing that the "the filing of a complaint is conditioned solely upon a person's demonstration of poverty in his affidavit and the question of frivolousness is taken up thereafter."). The threshold requirement which must be met in order to proceed *in forma pauperis* is that the plaintiff show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. § 1915(a)(1). However, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins*, 335 U.S. at 342. An affidavit to proceed *in forma pauperis* is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339.

In the present case, Plaintiffs' Applications and economic status have been considered in making the decision of whether to grant leave to proceed *in forma pauperis*, and it appears to the Court that Plaintiffs' Applications set forth grounds for so proceeding. Accordingly, the Application to Proceed *In Forma Pauper* [**Doc. 1**] is **DENIED AS MOOT**, and the Applications [**Docs. 7, 8**] are **GRANTED**. The Clerk is **DIRECTED** to file the Amended Complaint in this case without prepayment of costs or fees. The Clerk **SHALL NOT**, however, issue process at this time.

B.  **Merits**

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if the complaint fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Further, "[t]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertions[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 555 U.S. at 557).

In the present matter, the Court recommends that Plaintiffs' "ADA" claim be dismissed. The Court presumes Plaintiffs are referring to the Americans with Disabilities Act ("ADA") 42 U.S.C. 12101 *et seq*. The ADA provides, in pertinent part, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). "The ADA only regulates non-residential facilities." *Sutton v. Freedom Square Ltd.*, No. 07-14897, 2008 WL 4601372, at *6 (E.D. Mich. Oct. 15, 2008), *aff'd sub nom. Sutton v. Piper*, 344 F. App'x 101 (6th Cir. 2009).

Given that Plaintiffs allege that Defendants refused to make accommodations in a residence and refused to rent a residential facility to them, the Court finds that Plaintiffs have not stated a

5

claim under the ADA. The Court recommends, however, that Plaintiffs' remaining claims for disability discrimination under state law and the Fair Housing Act proceed beyond the initial screening phase.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs' Application to Proceed *In Forma Pauperis* [**Doc. 1**] is **DENIED AS MOOT**, but Plaintiffs' Applications to Proceed In Forma Pauperis [**Docs. 7, 8**] are well taken, and they are **GRANTED**. The Clerk is **DIRECTED** to file the Amended Complaint [Doc. 6] in this case without prepayment of costs or fees. However, no process shall issue until the District Judge has ruled upon this Report and Recommendation,[2] because it is **RECOMMENDED**[3] that Plaintiffs' claim under the Americans with Disabilities Act [**Doc. 6**] be

---

[2]This matter is to be presented to a District Judge pursuant to this Report and Recommendation under the authority of *Gibson*, 195 F.2d at 263, wherein the court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.

[3]Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

**DISMISSED** but that the remaining claims be allowed to proceed beyond the initial screening phase.

Respectfully submitted,

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge

7