UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| EDGAR R. RIVERA DE JESUS, and IDANIS I. GARCIA MORALES, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:21-CV-51-TRM-DCP ) |
| DLJ PROPERTIES, LLC, CHERYL JONES, and ELIZABETH JONES, | ) ) ) ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiffs' Motions to Proceed In Forma Pauperis [Docs. 47 and 49], which were filed contemporaneously with their Notices of Appeal [Docs. 48 and 50]. For the reasons stated below, the undersigned **RECOMMENDS** that the United States Chief District Judge **DENY** Plaintiffs' motions [**Docs. 47 and 49**].

I.     **ANALYSIS**

By way of background, on February 16, 2021, Plaintiffs filed their initial Complaint [Doc. 2] and an application for leave to proceed in forma pauperis [Doc. 1]. Plaintiffs filed an Amended Complaint on May 20, 2021 [Doc. 6] and amended applications for leave to proceed in forma pauperis [Docs. 7 and 8]. On June 4, 2021, the Court granted Plaintiffs' applications to proceed in forma pauperis [Doc. 9], but the undersigned recommended that their claim under the Americans with Disabilities Act ("ADA") be dismissed [*Id.*]. Chief Judge McDonough adopted the Report

1

and Recommendation [Doc. 12], dismissing the ADA claim but allowing the other claims to proceed. On May 23, 2022, Defendants filed a motion for summary judgment [Doc. 41], which Chief Judge McDonough granted [Doc. 45] on July 5, 2022. On the same day, Chief Judge McDonough entered the Judgment Order [Doc. 46]. On July 28, 2022, Plaintiffs filed Notices of Appeal [Doc. 48 and 50] and their instant motions [Docs. 47 and 49].

The question before the Court is whether Plaintiffs should be permitted to proceed with an appeal *in forma pauperis*. Federal Rule of Appellate Procedure 24(a)(3) provides, in relevant part as follows:

> A party who was permitted to proceed *in forma pauperis* in the district-court action ... may proceed on appeal *in forma pauperis* without further authorization unless:
>
> (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis* and states in writing its reasons for the certification or finding; or
>
> (B) a statute provides otherwise.

Fed. R. App. P. 24(a)(3). Likewise, 28 U.S.C. § 1915(a)(3) provides that an appeal may not be taken *in forma pauperis* "if the trial court certifies in writing that the appeal is not taken in good faith." "In order to meet the good-faith standard, an appellant is required to show that the appeal presents a substantial question that is not frivolous." *Powell v. Alcoa High School*, No. 3:10-cv-212, 2010 WL 3087387, at *2 (E.D. Tenn. Aug. 5, 2010); *see also Nesselrode v. U.S. Sec'y of Educ. Agency*, No. 2:16-CV-918, 2017 WL 7520599, at *1 (S.D. Ohio Nov. 20, 2017) (citing *Ferguson v. Comm'r of Soc. Sec.*, No. 1:07-cv-247, 2008 WL 696610, *1 (W.D. Mich. Mar. 13, 2008) (other citation omitted)). An issue is frivolous if it lacks an "arguable basis either in fact or

2

law." *Brooks v. McKenney*, No. 1:18-cv-00572, 2018 WL 3370662, at *2 (W.D. Mich. June 12, 2018), *report and recommendation adopted*, 2018 WL 3328431 (W.D. Mich. July 6, 2018) (citing *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001)).

"Rule 24(a)(1) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915(a)(1) require an affidavit by the plaintiff identifying the issues the party intends to present on appeal which support his belief that he is a person entitled to redress." *Nesselrode*, 2017 WL 7520599, at *1 (S.D. Ohio Nov. 20, 2017) (citing Fed. R. App. P. 24(a)(1)(B) and (C)). "This requirement is designed to assist courts in the process of determining whether an appeal is taken in good faith." *Powell*, 2010 WL 3087387, at *2; *see Ferguson*, 2008 WL 696610, at *1 (stating the same); *see also Callihan v. Schneider,* 178 F.3d 800, 803 (6th Cir. 1999) ("[T]he district court must ascertain both the individual's pauper status and the merits of the appeal.")

"The decision to grant or deny an application to proceed *in forma pauperis* lies within the sound discretion of the district court." *Powell*, 2010 WL 3087387 at *2 (quoting *Flippin v. Cobuyn*, 107 F. App'x 520, 521 (6th Cir. 2004)). If the district court denies a motion to proceed *in forma pauperis* on appeal, the party may file, within thirty (30) days after service of the district court's decision as prescribed by Fed. R. App. P. 24(a)(4), a motion with the Court of Appeals for leave to proceed as a pauper on appeal. Fed. R. App. 25(a)(5). The party's motion must include a copy of the affidavit filed in the district court in addition to the district court's statement of its reasons for denying pauper status on appeal. Fed. R. App. P. 24(a)(5).

Here, the Court allowed Plaintiffs to proceed *in forma pauperis* in the district court action. Thus, under subsection (a)(3)(A), they are permitted to proceed as such on appeal without further authorization unless the district court certifies in writing that the appeal would not be taken in good

3

faith. At this juncture, the Court is unable to evaluate the issues Plaintiffs intend to raise on appeal because they have not addressed any specific aspects of the Court's ruling granting Defendants' motion for summary judgment or any issues that they wish to appeal.[1] Without this information, the Court cannot find that Plaintiffs' appeal is taken in good faith. *See United States v. Ramey*, 559 F. Supp. 60, 67 (E.D. Tenn. 1981) ("[O]mission from the affidavit of a statement of the issues which the defendant-appellant intends to present on appeal appears to be fatal to his motion; otherwise, there is no way for this Court to exercise its judicial discretion to determine the meritorious character of the appeal in which the defendant-appellant asks relief"); *Powell*, 2010 WL 3087387, at *2 (denying pro se plaintiff's motion to proceed *in forma pauperis* on appeal because she did not identify why she was "entitled to redress, including the identification of any law, fact or specific finding by the [c]ourt which might provide a basis for an appeal"); *Nesselrode*, 2017 WL 7520599, at *1 (denying motion to proceed *in forma pauperis* on appeal, finding that while the court allowed plaintiff to proceed *in forma pauperis* when he filed his complaint, he failed to identify the specific issues he wanted to appeal); *Parker v. Comm'r of Soc. Sec.*, No. 121CV00134PLMPJG, 2022 WL 2400924, at *1 (W.D. Mich. Feb. 11, 2022) (denying plaintiff's motion for leave to appeal *in forma pauperis* finding that the failure in identifying a meritorious ground for appeal "standing alone[] is sufficient to deny" the motion).

---

[1] The Court notes that Plaintiffs' Notices of Appeal [Docs. 48 and 50] appear to be on a state form and that other than identifying the parties' names and addresses, the form is relatively void of any substantive information. Further, the Certificate of Service on the form references Rule 20 of the Tennessee Rules of Appellate Procedure.

4

## II. CONCLUSION

Accordingly, for the reasons stated above, the Court **RECOMMENDS**[2] that the Chief District Judge **DENY** Plaintiffs' Motions [**Docs. 47 and 49**]. Should the Chief District Judge adopt the undersigned's Report and Recommendation, the Court advises Plaintiffs of Rule 24, which allows them to file a motion to proceed on appeal *in forma pauperis* in the Sixth Circuit Court of Appeals within thirty (30) days of the Chief's District Judge's order. *See* Fed. R. App. P. 24(a)(5). Should Plaintiffs not file a motion within thirty (30) days of receiving the Chief District Judge's decision, or fails to pay the filing fee, the appeal will be dismissed for want of prosecution. *INA Grp., LLC v. Patel*, No. 1:18CV733, 2019 WL 13197948, at *1 (S.D. Ohio Nov. 27, 2019) (citing *Callihan*, 178 F.3d at 804).

Respectfully submitted,

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).